UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GIA HUY NGUYEN,

                      Petitioner,

      v.

FIELD OFFICE DIRECTOR et al.,

                    Respondent.

CASE NO. 2:26-cv-00394-DGE

ORDER DENYING MOTION FOR EMERGENCY LEAVE TO APPEAR PRO HAC VICE (DKT. NO. 2) AND MOTION FOR EXPEDITED CONSIDERATION (DKT. NO. 4)

Petitioner proceeds *pro se* in this instant immigration habeas action. Pending before the Court are motions for permission for Farah Hobballah to appear *pro hac vice* without association of local counsel and to enter an expedited briefing schedule. (Dkt. Nos. 2, 4.)

Pursuant to Local Civil Rule (LCR) 83.1(d)(1), an attorney who is a member in good standing of a federal, state, or organized territory bar and who does not reside or maintain an office in the Western District of Washington normally will be permitted to appear on behalf of a party and participate in a case *pro hac vice*. However, "[t]he party must also be represented by local counsel, who shall fulfill" specific responsibilities, including the responsibility to review,

ORDER DENYING MOTION FOR EMERGENCY LEAVE TO APPEAR PRO HAC VICE (DKT. NO. 2) AND MOTION FOR EXPEDITED CONSIDERATION (DKT. NO. 4) - 1

sign, and electronically file the applicant's *pro hac vice* application and to attest they will handle the matter in the event the applicant is unable to be present to do so. LCR 83.1(d)(1)–(2). Local counsel also, unless waived by the court, bears the responsibility to sign all motions and other filings and ensure all filings comply with the court's local rules. LCR 83.1(d)(2).

In asking the Court to waive the local counsel requirement and otherwise deem the *pro hac vice* requirements satisfied, Hobballah points to Petitioner's indigency, detention, and limited proficiency with the English language. (Dkt. Nos. 2 at 2–3; 3 at 2.) Hobballah does not identify any authority supporting her request. Instead, she refers to LCR 83.1(d)(1), which at most authorizes waiver of the requirement that local counsel sign motions and other filings. *See* LCR 83.1(d)(2); *see also Burlington N. R. Co. v. Woods Indus., Inc.*, 815 F. Supp. 1384, 1393 (E.D. Wash. 1993) (granting motion to waive requirement for signature of local counsel, but noting counsel appearing *pro hac vice* "shall continue to consult with local counsel.").

The Court, while sympathetic to the difficulties identified in the pending motions and appreciative of Hobballah's willingness to provide Petitioner representation, finds no basis for waiving the requirements of LCR 83.1(d). *See generally Angel v. Marten*, No. C21-7333, 2022 WL 18277781, at *1 (C.D. Cal. Jan. 27, 2022) (noting "[r]easons for requiring local counsel include 'the importance of knowing the Local Rules, the local standards of behavior or mores in this district, [and] the accessibility of counsel[,]'" and that the court, "like other district courts, enforces the local counsel requirement scrupulously.") (quoting *Daien v. Ysursa*, No. C09-0022, 2009 WL 10711879, at *3 (D. Idaho Feb. 9, 2009)). Therefore, the request to permit counsel to appear *pro hac vice* without local counsel (Dkt. No. 2) is DENIED. The denial of the request to appear *pro hac vice* is without prejudice to a renewed request compliant with this Court's rules.

Petitioner also filed a "Motion for Order to Show Cause, to Adopt the Standard Immigration Habeas Scheduling Order, and for Expedited Consideration/Relief." (Dkt. No. 4.) The Court DENIES Petitioner's motion to expedite (Dkt. No. 4) and has instead issued its standard scheduling order (*see* Dkt. No. 7) for habeas petitions pursuant to General Order 10-25 found at https://www.wawd.uscourts.gov/sites/wawd/files/General Order 10-25 re Immigration Habeas.1.pdf. General Order 10-25 was entered on December 18, 2025 after consultation and cooperation by various stakeholders, including the U.S. Attorney's Office, the Federal Defender's Office, and the Northwest Immigrant Rights Project. Petitioner provides and the Court finds no basis to require a different return and traverse schedule than that already identified in the scheduling order.

The Clerk is directed to email a copy of this Order to Farah Hobballah at farah@myfarahlawyer.com.

Dated this 3rd day of February, 2026.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION FOR EMERGENCY LEAVE TO APPEAR PRO HAC VICE (DKT. NO. 2) AND MOTION FOR EXPEDITED CONSIDERATION (DKT. NO. 4) - 3