UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GIA HUY NGUYEN,

                        Petitioner,

        v.

FIELD OFFICE DIRECTOR et al.,

                        Respondents.

CASE NO. 2:26-cv-00394-DGE

ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS
(DKT. NO. 17)

        This matter comes before the Court on Plaintiff Gia Huy Nguyen's petition for writ of habeas corpus.  (Dkt. No. 17.)  Having reviewed the petition, the return memorandum (Dkt. No. 13), the reply (Dkt. No. 18), and all supporting materials, the Court GRANTS Petitioner's writ of habeas corpus.

**I        BACKGROUND**

**A.  Factual Background**

        Petitioner, a citizen of Vietnam, entered the United States without inspection on October 16, 2024.  (Dkt. Nos. 1 at 1–2; 1-1 at 2.)  He was subsequently apprehended by Border Patrol

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 17) - 1

agents.  (Dkt. Nos. 1-1 at 2; 1-3 at 2; 14 at 2.)  Border Patrol determined Petitioner was subject to expedited removal pursuant to Immigration and Nationality Act ("INA") § 235(b)(1) and served him a Notice and Order of Expedited Removal.  (Dkt. Nos. 14 at 2; 15-1 at 2.)  Petitioner was transferred to the Northwest Immigration and Customs Enforcement Processing Center on October 29, 2024, where he remains today.  (Dkt. Nos. 1 at 3; 14 at 2.)

On November 22, 2024, Petitioner expressed fear of return to Vietnam to Enforcement and Removal Operations ("ERO").  (Dkt. No. 14 at 2.)  On January 14, 2025, United States Citizenship and Immigration Services ("USCIS") conducted a credible fear interview, during which USCIS found Petitioner established a credible fear of return to Vietnam.  (*Id.* at 3.)

On January 21, 2025, the Department of Homeland Security ("DHS") issued a Notice to Appear which placed Petitioner in formal removal proceedings pursuant to INA§ 240, codified at 8 U.S.C. § 1229a.  (Dkt. No. 1-3 at 9.)  The Notice to Appear charged Petitioner under 8 U.S.C. § 1182(a)(7)(A)(i)(l) as a noncitizen not in possession of valid immigration documents and 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen "present in the United States without being admitted or paroled[.]"[1]  (*Id.*)

On March 24, 2025, Petitioner filed an application for asylum and withholding of removal.  (Dkt. No. 14 at 3.)  On July 30, 2025, an immigration judge denied Petitioner's application for asylum and ordered Petitioner removed to Vietnam, but granted withholding of removal.[2]  (*Id.*; Dkt. No. 15-3 at 2.)

---

[1] The Notice to Appear identifies INA §§ 212(a)(7)(A)(i)(l) and 212(a)(6)(A)(i), which are codified at 8 U.S.C. §§ 1182(a)(7)(A)(i)(l) and 1182(a)(6)(A)(i) respectively.

[2] The immigration judge's order checks a box indicating that Petitioner's application for "withholding of removal" and "deferral of removal under Article III of the Convention Against Torture" was withdrawn.  (Dkt. No. 15-3 at 2–3.)  A second box is checked indicating that Petitioner "waived the opportunity to apply for asylum, withholding of removal, and withholding

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 17) - 2

A declaration submitted by ERO Deportation Officer Anthony Rosa stated that on December 15, 2025, "Petitioner told ERO he was willing to go to Cambodia or Thailand at his own expense." (Dkt. No. 14 at 3.) Officer Rosa further stated that "Petitioner asked to be removed to Mexico on December 27, 2025." (*Id.*) On January 8, 2026, ERO notified the Mexican Consular of Petitioner's request, and sent a follow-up request on January 23, 2026. (*Id.* at 4.) On January 23, 2026, ERO served travel documents for Mexico on Petitioner. (*Id.*) According to Officer Rosa, "[t]ravel documents are request[s] for a travel document ERO prepares and want the [noncitizen] to sign before [ERO] send it to the embassy as opposed to a notice of third country removal." (*Id.*) On January 30, 2026, "ERO talked with Petitioner about removal to Thailand or Cambodia[,]" and Petitioner "told ERO he 'would speak with his lawyer and inform [ERO] of his decision.'" (*Id.*) On February 13, 2026, "Petitioner told ERO he was 'still waiting for [his] lawyer to decide.'" (*Id.*) On February 17, 2026, "ERO completed its warnings for failure to comply with a removal and Notice to Alien for File Custody Review," and on the same day "the custody recommendation was forwarded up for supervisory approval." (*Id.*) Petitioner disputes the characterization that he expressed any willingness to be removed to Thailand or Cambodia or that he "requested" removal to Mexico. (Dkt. No. 18 at 2.)

**B. Procedural Background**

On February 3, 2026, Petitioner filed a writ of habeas corpus and motion for expedited consideration. (Dkt. Nos. 1, 4.) The Court entered its general scheduling order (Dkt. No. 7) and denied as moot Petitioner's motion for expedited consideration (Dkt. No. 8). Respondents filed a return memorandum on February 17, 2026. (Dkt. No. 13.) On February 18, 2026, the Court

---

under convention against torture." (*Id.*) The Court is unclear why these boxes were checked. However, because neither party identifies nor briefs this fact, the Court does not consider its meaning.

ordered Petitioner to show cause why his current petition should not be dismissed for failing to name the proper respondent(s), or alternatively, granted Petitioner leave to amend his complaint to name the proper respondent(s).  (Dkt. No. 16.)  On February 23, 2026, Petitioner filed an amended petition, which was amended to name two additional respondents.[3]  (Dkt. No. 17.)  Petitioner filed a reply on the same day.  (Dkt. No. 18.)

## II    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2).  To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241).  Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'"  *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).

The detention, release, and removal of noncitizens subject to a final order of removal is governed by INA § 241, codified at 8 U.S.C. § 1231.  The requirements of the statute take effect once a final order of removal of a non-citizen is entered by an immigration judge.  The first 90-day period following the entry of the order of final removal is called the "removal period." *Id.* § 1231(a)(1)(A).  Detention is mandatory during that period. *Id.* § 1231(a)(2).  However, once

---

[3] Because the amended petition is identical to the original petition except for two additional respondents (*compare* Dkt. No. 1 *with* Dkt. No. 17), the Court construes Respondent's return memorandum as a response to the amended petition.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 17) - 4

the 90-day removal period has expired, continued detention is at the discretion of the Attorney General. *Id.* § 1231(a)(6). There is no statutory limit on the Attorney General's discretion to detain non-citizens beyond the 90-day period, but in *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. As the *Zadvydas* Court recognized, "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Id.* The *Zadvydas* Court concluded, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

### III    ANALYSIS

Petitioner argues his continued detention violates both the INA and the Due Process Clause of the Fifth Amendment of the United States Constitution. (Dkt. No. 17 at 5.)

#### A. Petitioner's Detention Violates Due Process

Petitioner argues that his continued detention is unlawful because he has been detained for over six months and "removal is not significantly likely in the reasonably foreseeable future." (Dkt. No. 17 at 5.)[4]

---

[4] To the extent Petitioner challenges his pre-final removal order detention, such a claim is moot. *See Hector R. v. Sessions*, No. 18-cv-3050-ECT-KMM, 2019 WL 1905854, at *2 (D. Minn. Apr. 1, 2019) (citing *Alier D. v. Sec'y of Dep't of Homeland Sec.*, No. 18-CV-1645 (NEB/HB), 2018 WL 5847244, at *2 (D. Minn. Nov. 8, 2018) ("The shift of the government's authority to detain the petitioner from § 1226 to § 1231 renders moot his claim based on pre-removal detention.") (citing *Oyelude v. Chertoff*, 170 Fed. App'x 366, 367, n.4 (5th Cir. 2006))); *see also Avilez v.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 17) - 5

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). Thus, the Supreme Court has held "the Due Process Clause protects a[ ] [noncitizen] subject to a final order of deportation[.]" *Zadvydas*, 533 U.S. at 693–694 (2001) (citing *Wong Wing v. United States*, 163 U.S. 228, 238, (1896)).

*Zadvydas* "places the burden on the [noncitizen] to show, after a detention period of six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (quoting *Zadvydas*, 533 U.S. at 701). If the noncitizen meets this burden, then the respondents must "introduce evidence to refute that assertion." *Id.* (first citing *Zadvydas*, 533 U.S. at 701; and then citing *Xi v. I.N.S.*, 298 F.3d 832, 839–840 (9th Cir. 2002)); *see also Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) ("Given the unreasonable length of [petitioner's] detention, the unforeseeability of his removal, and the failure of the government to rebut his showing that there is no significant likelihood of removal in the reasonably foreseeable future, the government's continued detention violates federal law, as construed by the Supreme Court.").

        1.   Petitioner has met his burden under *Zadvydas*

Petitioner provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. First, Petitioner has already been detained for more than six months. Since his final order of removal, Petitioner has

*Garland*, 69 F.54th 525, 530 (9th Cir. 2023) ("Section 1231(a) applies to detention after the entry of a final order of removal. In contract to [§ 1226(a)], Section 1231(a) does not apply to detention during the pendency of administrative or judicial removal proceedings.").

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 17) - 6

been detained almost seven months (*see* Dkt. No. 15-3 at 2), making his detention presumptively unreasonable under *Zadvydas*, 533 U.S. at 701.  Respondents concede this point in their briefing, acknowledging that Petitioner has been detained "for approximately six-and-a-half months" from the time of their briefing.  (Dkt. No. 13 at 7.)

Second, Petitioner has shown his removal is not likely in the reasonably foreseeable future.  Respondents have failed to remove Petitioner for almost seven months, since Petitioner was ordered removed on July 30, 2025.  (Dkt. No. 15-3 at 2.)  Though Petitioner was granted a withholding of removal prohibiting his removal to Vietnam, Respondents did not take any necessary steps toward third country removal until January 8, 2026—at which Respondents simply notified the Mexican Consulate of Petitioner's "request" to go to Mexico.  (Dkt. No. 14 at 3–4.)  Furthermore, there has been no indication from the consulates of Mexico, Cambodia, or Thailand that they are likely to accept Petitioner into their country.  The record is also void of any expected timeline related to a process or procedure for removing Petitioner to any of these three countries.  Thus, the Court finds Petitioner has met his burden, offering sufficient evidence to show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

### 2.   Respondents have failed to rebut Petitioner's showing

The burden thus shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Id.*  Respondents rely on Officer Rosa's declaration to demonstrate Petitioner's detention is not indefinite.  (*See* Dkt. No. 13.)

Officer Rosa states, without identifying a foundational basis, that Petitioner told ERO he was willing to go to Cambodia or Thailand at his own expense, and later asked to be removed to Mexico if the United States paid for expenses.  (Dkt. No.14 at 3.)  Officer Rosa does not state he

has personal knowledge about Petitioner's alleged willingness to go to a third country, but instead indicates that Petitioner vaguely told "ERO" of this willingness.  Officer Rosa further does not provide any documentation to support his assertion of what Petitioner allegedly told ERO.  Thus, the Court is unclear as to how Officer Rosa knows this information.

Furthermore, Respondents' assertions that "ERO has been working toward effectuating Petitioner's removal to a third country" and "[t]here is no indication Mexico will not honor [the travel document request]" are deficient.  (Dkt. No. 13 at 7.)  Respondents have not submitted travel document requests to any of the three identified countries, and they provide no evidence of acceptance by either Thailand, Cambodia, or Mexico of Petitioner; alternative efforts; a projected timeline; or any other plausible strategy for effecting removal.  This approach falls short of Respondents' burden under *Zadvydas* to present credible evidence of removability in the reasonably foreseeable future.

Because there is no evidence of a significant likelihood that a third country will accept Petitioner in the reasonably foreseeable future[5], his detention is no longer permitted by the INA as construed in *Zadvydas*.  *See* 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.")  Petitioner's detention is unlawful, and his release is appropriate.  *See Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2025) (allowing release upon a finding that removal was not reasonably foreseeable).

---

[5] The Court also takes judicial notice of an order filed on February 25, 2026 in the matter of *D.V.D. v. U.S. Dept. of Homeland Security*, Case No. 25-10676-BEM, 2026 WL 521557, *1 (D. Mass. Feb. 25, 2026).  It is unclear what effect, if any, such order could have on the Parties in this matter.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 17) - 8

## IV    CONCLUSION

For the foregoing reasons, the Court GRANTS the petition for writ of habeas corpus. (Dkt. No. 17.)  The Court ORDERS:

1.    Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them shall immediately release Petitioner from custody under appropriate conditions of supervision issued under 8 C.F.R. § 241.13(h)(1)– (4).

2.    Petitioner shall not be re-detained without notice and an opportunity to be heard unless Respondents have evidence detention is authorized under 8 C.F.R. § 241.13(i)(1)–(2).

3.    Within **TWENTY-FOUR (24)** hours of this Order, Respondents must provide the Court with a declaration confirming Petitioner has been released from custody.

The Clerk is directed to close the case and enter judgment.

Dated this 26th day of February, 2026.

David G. Estudillo
United States District Judge